PAINE LUMBER CO., Limited, et al. v. NEAL et al.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

No. 197.

MONOPOLIES (§ 24*) — AGREEMENT IN RESTRAINT OF TRADE — INJUNCTION — RIGHT TO RELIEF.

The carrying out of an agreement in violation of federal or state anti- trust laws, or otherwise in restraint of trade, will not be enjoined at suit of a private party, not shown to have been the direct object of such agree- ment or to have suffered special damages.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 17; Dec. Dig. § 24.*]

Appeal from the District Court of the United States for the South- ern District of New York.

This cause comes here on appeal from a decree of the District Court, Southern District of New York, dismissing a bill in equity brought by eight corporations, located in other states and engaged in the manu- facture of wood trim used in the erection of buildings. The defendants

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

are the officers or agents of the United Brotherhood of Carpenters and Joiners, five union manufacturers of wood materials, operating closed shops in competition with complainants' open shops, and a hundred or more boss carpenters or builders, all of whom are members of the Master Carpenters' Association of the City of New York engaged in the work of building in that city. Relief is prayed in the shape of an injunction to restrain all the parties defendant from acting under certain agreements into which they have entered, which agreements prevent the use of complainant's nonunion-made trim in buildings constructed in said city. It is the contention of the complainant that these agreements violated the common law, the Sherman Anti-Trust Act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]), the state Anti-Trust Act (Consol. Laws, c. 20, §§ 340–346), and subdivision 6 of section 580 of the Penal Law of the state of New York (Consol. Laws, c. 40).

The opinion of the District Judge will be found in 212 Fed. 259. It held that the agreements violated these laws, but that the complainants did not suffer special damage and were not entitled to private relief.

W. G. Merritt, of New York City, for appellants.

W. P. Maloney, C. M. Beattie, and F. Hulse, all of New York City, for appellees.

Before LACOMBE, ROGERS, and HUNT, Circuit Judges.

PER CURIAM. We agree with Judge Mayer that, since it clearly appears—indeed, the proposition is not disputed—that defendants' acts were not malicious nor personally directed against the individual complainants, injunctive relief, which is all they pray for, cannot be granted in this suit. The bill was, therefore, properly dismissed. Any discussion of the other questions raised, viz., whether the particular agreements or combinations are obnoxious either to the common law or to one or more of these statutes would be academic and need not now be entered into.

The decree is affirmed, with costs.